

In The

Court of Appeals

Seventh District of Texas at Amarillo

No. 07-25-00406-CR

EX PARTE CADEN CASANOVA, APPELLANT

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. DC-2022-CR-1457, Honorable John J. "Trey" McClendon III, Presiding

July 16, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and YARBROUGH and PRATT, JJ.

By one issue, Appellant, Caden Casanova, challenges the trial court's denial of his application for writ of habeas corpus through which he sought relief under article 11.072 of the Texas Code of Criminal Procedure. By this application, Appellant contended he received ineffective assistance of counsel because his trial counsel failed to file a motion to suppress. We affirm.

**BACKGROUND**

In 2013 or 2014, Appellant, then a minor, created a Dropbox account with the username "dominic duncan" and the email address domdun5@gmail.com. After creating

the account, he accessed and possessed child sexual abuse material on the account as well as on other accounts like Twitter and Snapchat.

In 2021, the Lubbock Police Department received four cyber tips related to Appellant. The case was assigned to a detective for further investigation. The detective observed several images of child pornography on Appellant's various accounts. As a result, police obtained a search warrant for the Dropbox account associated with Appellant's email address as well as for other accounts. Multiple images of child pornography were provided to law enforcement pursuant to the warrant. Police obtained Appellant's name through an administrative subpoena sent requesting subscriber information. A search warrant was thereafter executed on Appellant's apartment.

Following execution of the search warrant, the detective interviewed Appellant during which Appellant admitted to possession of the pornographic material and admitted accessing it through his Twitter and Google accounts. Appellant was charged with four counts of possession of child pornography.[1] Appellant was represented by trial counsel who investigated the charges. Counsel did not file a motion to suppress in the matter. Ultimately, Appellant pleaded guilty to the first count of the indictment[2] and was sentenced to ten years of imprisonment. His sentence was suspended, and he was placed on community supervision for a period of ten years.

Thereafter, Appellant filed an application for writ of habeas corpus under article 11.072 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 11.072.

---

[1] TEX. PENAL CODE § 43.26.

[2] The remaining counts were dismissed as part of the plea bargain agreement.

2

Through it, he argued his trial counsel was ineffective because he did not file a motion to suppress the evidence found in the Dropbox account based on application of California contract law. After considering Appellant's application, the trial court denied it. The trial court also issued findings of fact and conclusions of law in support of its ruling. Included within those findings and conclusions were the following:

> The Court concludes that Applicant has not shown deficiency from trial counsel's "failure" to file a motion to suppress alleging California contract law related to minor's ability to contract and the power of disaffirmance. Applicant has not shown that had trial counsel filed a motion to suppress, the motion would have been granted. Had trial counsel filed a motion to suppress, the motion would appropriately have been denied on any or all of the following legal bases: (1) Private Search Doctrine; (2) Article 38.23(a) "Violation of the Law"; (3) Independent Source Doctrine; and (4) Abandonment.
>
> Assuming that deficiency has been shown from trial counsel's "failure" to file a motion to suppress, the Court concludes that prejudice has not been shown. Trial counsel has not shown that not only would a motion to suppress have been granted had one been filed, but also that the remaining evidence would have been insufficient to support the conviction. Even *if* evidence from the Dropbox account had been suppressed, the evidence lawfully obtained by law enforcement from Applicant's Twitter and Snapchat social media accounts would also have supported every element of the Possession of Child Pornography offense.
>
> Applicant has not shown a reasonable probability that, but for counsel's "unprofessional errors," the result of the proceeding would have been different.

## ANALYSIS

### Standard of Review and Applicable Law

The writ procedure under article 11.072 of the Code of Criminal Procedure applies when a defendant has been placed on community supervision after a guilty plea. *See* TEX. CODE CRIM. PROC. art. 11.072. *See also Ex parte Juara*, 643 S.W.3d 702, 706 (Tex.

3

App.—Fort Worth 2021, pet. ref'd). Under this procedure, the trial judge is the sole finder of fact. *Ex parte Torres*, 483 S.W.3d 35, 42 (Tex. Crim. App. 2016). In this context, an appellate court affords almost total deference to a trial court's factual findings when they are supported by the record, especially when those findings are based on credibility and demeanor. *Id.*

An applicant for a post-conviction writ of habeas corpus bears the burden of proving his claim by a preponderance of the evidence. *Ex parte Torres*, 483 S.W.3d at 43. We review claims of ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex. Crim. App. 1986). Under *Strickland*, an appellant must prove that his trial counsel's representation was deficient and that the deficient performance was so serious that it deprived appellant of a fair trial. *Strickland*, 466 U.S. at 687. To establish the first prong, an appellant must show that counsel's performance fell below an objective standard of reasonableness. *Id*. at 688. To satisfy the second prong, an appellant must demonstrate that counsel's deficient performance prejudiced his defense. *Id*. at 692. To demonstrate prejudice, an appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 694. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the claim of ineffectiveness. *Id*. at 697.

Our review of defense counsel's performance is very deferential, starting with the strong presumption that the attorney's actions were reasonably professional and were spurred by sound trial strategy. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App.

4

1994). Typically, the trial record will not contain sufficient information to permit a reviewing court to fairly evaluate the merits of a claim of ineffective assistance of counsel. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). In the majority of cases, the appellant is unable to meet the first prong of the *Strickland* test because the record on direct appeal is "undeveloped and inadequately reflective of the reasons for defense counsel's actions . . . ." *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007). When the record is silent as to trial counsel's strategy, we will not conclude that appellant received ineffective assistance unless the challenged conduct was "'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). A sound trial strategy may be faultily executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006).

A trial counsel's failure to file a motion to suppress is not per se ineffective assistance of counsel. *Wert v. State*, 383 S.W.3d 747, 753 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 384, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986)). Counsel is not required to engage in the filing of futile motions. *Id.* (citing *Mooney v. State*, 817 S.W.2d 693, 698 (Tex. Crim. App. 1991)). Instead, to satisfy the *Strickland* test and prevail on an ineffective assistance claim premised on counsel's failure to file a motion to suppress, an appellant must show by a preponderance of the evidence that the motion to suppress would have been granted and that the remaining evidence would have been insufficient to support his conviction. *Id.* (citing *Jackson v. State*, 973 S.W.2d 954, 956–57 (Tex. Crim. App. 1998)). Under *Strickland*,

5

an appellant must also show he was prejudiced by the failure. *Strickland*, 466 U.S. at 694.

Application

As noted, failure to make the required showing of either deficient performance or sufficient prejudice defeats the claim of ineffectiveness. *Strickland*, 466 U.S. at 697. Even assuming Appellant could show his counsel's decision not to file a motion to suppress fell below an objective standard of reasonableness, we cannot find he established that but for the alleged error, the outcome would have been different.

On appeal, Appellant's argument concerning prejudice consists of the following statements: "Prejudice is demonstrated by the fact that had the Dropbox images been suppressed then Appellant would have faced sentencing on less than half of the offending images. Presumably this would have created a strong argument for a lesser sentence. Accordingly, prejudice is shown."

We cannot agree with Appellant's position. First, the trial court had before it several reasons for determining a motion to suppress would not have been granted. Second, even if the evidence from the Dropbox account had been suppressed, the evidence lawfully obtained from Appellant's other social media accounts would have supported each element of the offense for which he had been charged. Third, sentencing was within the discretion of the trial court. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. 1984) (a great deal of discretion is given to a trial judge's determination of the appropriate punishment in any given case). Simply stating that there would "presumably" have been a strong argument for a lesser sentence if there had been fewer images is not sufficient

6

to satisfy the prejudice prong as set forth in *Strickland.* Thus, Appellant has not shown a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

## CONCLUSION

Having resolved Appellant's sole issue against him, we affirm the trial court's denial of Appellant's application for writ of habeas corpus.


Alex Yarbrough
Justice

Do not publish.